## No. 14,782.

HALE ET AL. *v.* WHEELER, TRUSTEE ET AL.

(114 P. [2d] 566)

Decided May 19, 1941.   Rehearing denied June 23, 1941.

Mr. CLIFFORD COLEMAN PEASE, Mr. RALPH E. WALDO, JR., for plaintiffs in error.

Mr. CLAY R. APPLE, for defendant in error trustee.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court. The deceased is hereinafter referred to as the testator, plaintiffs in error, his daughters, as the heirs, and defendant in error Wheeler as the trustee. The other defendants in error did not appear.

The trustee brought this action for a declaratory judgment to determine his right to sell certain real estate formerly owned by the testator. The trial court upheld that right and to review the judgment entered accordingly the heirs prosecute this writ. Particular specification of the assignments is unnecessary since the disposition of the single question hereinafter resolved answers all of them.

Testator died in California March 1, 1928. By his will he created a trust and this trustee is the duly appointed successor in control thereof. In 1939 he contracted to sell the real estate in question, situate in Weld county, Colorado, to defendant in error Littler. The latter declined to take title until the trustee's authority to convey had been adjudicated, hence this suit. The will was probated in California, and later, as a foreign will, in Weld county. It provided for the payment of debts and specific legacies, after which the executrix was directed "to convert the residue of this estate into interest bearing securities," make certain additional payments therefrom:

"Then, after these payments are all paid, as provided, in the above, I hereby authorize said Executrix, Elizabeth Word Wheeler, to pay to my brother, John R. Bothwell, for life, the interest earned on $10,000; and to Alix Bothwell, wife of my brother, the interest earned on the sum of $5,000, for the full term of her life; and

to pay all the remainder of the income earned by the funds of the still remaining capital in her hands, to my daughters, Ada and Edith Bothwell [plaintiffs in error], for the full term of their lives, each daughter to share equally. If one dies, the survivor to inherit her share.

"Should the Executrix, Elizabeth Word Wheeler, *die before the final termination of this trust,* she is hereby authorized to appoint a Successor for the carrying out of the provisions of this Will.

"If my Brother, John R. Bothwell, his wife, Alix Bothwell, and my Daughters, Ada Bothwell and Edith Bothwell *shall all have died,* then in that event I desire and will that the Executrix of this Will, Elizabeth Word Wheeler, shall inherit one-half of the funds left in this Estate, and the other one-half of the funds in the Estate shall be paid to Mrs. Minnie Sanders, and her daughters, Margaret, Helen, Catherine and Barbara, each to share equally in any such distribution; and any vacancy caused by death among these members of the Sanders Family, the remaining members shall share equally in any funds that may come to them from the provisions of this Will, at the final settlement."

All payments provided for by this will and trust have been made. Said John R. Bothwell is dead and his wife Alix has assigned to the heirs, so that Ada and Edith, mentioned in the above quoted clause, are alleged to be sole heirs and the only persons having any interest in the present estate. Hence they claim it should pass, and has now passed, to them freed of all conditions of the will and trust, and released from all control of the trustee. The latter contends that he is bound by the express directions of the testator and hence is obligated to convert the real estate in question into cash, invest it as directed, and pay the *income only* to these heirs during their lifetime.

We start with the proposition that a testator, so long as he violates no law, may dispose of his estate as he pleases, and may attach such conditions to its en-

joyment by the recipients of his bounty as his judgment or whim dictates. No devisee or legatee is obliged to take, but he who takes does so with imposed conditions attached. This testator may have had the soundest conceivable reasons for not entrusting his daughters with the management of real estate, or the possession and investment of considerable sums of cash. He may well have believed that the most affectionate and judicious regard for their welfare demanded payment to them, at fixed times, and for life, of income only. He may have been in error, but we know he had a lawful right to so provide and that he so intended, and that in countless instances such a provision would have forestalled pathetic pauperism. If he did what he intended then such embarrassment as the heirs encounter by reason of the conduct of the trustee is simply an incident of the inheritance and must be accepted with it. *Williams v. Fundingsland,* 74 Colo. 315, 221 Pac. 1084.

The only question is, Does any well recognized or applicable statute or rule of law forbid a testator doing what this testator attempted, by the particular method adopted by him? The heirs say the corpus of the trust was not disposed of hence as to the fee of the real estate in question deceased died intestate, that the title thereto has vested in them by inheritance, hence the functions and office of the trustee have terminated. In this we think they are in error as clearly disclosed by a correct interpretation of the will itself. In approaching that interpretation we are controlled by the well-recognized presumption applied in all such cases, that the testator intended to, and did, dispose of his entire estate. This trustee stands, and we think unassailably, upon the doctrine of equitable conversion as recently recognized and applied by this court. *Chain O'Mines v. Williamson,* 101 Colo. 231, 72 P. (2d) 265.

The heirs assert that the time referred to by the words *"shall all have died"* is the date of the death of the testator. In this we think they are in error.

Another well recognized rule of interpretation requires that in case of doubt as to persons, places, dates, etc., not specifically mentioned in certain phrases of a given document, we ascertain the intention of the maker by referring to the immediately preceding expression because presumably such was the person, place, or date, in the mind of the executor as he wrote. Applying that rule here we find the time immediately referred to in the preceding paragraph to be "the final termination of this trust." Had John and his wife, and Ada and Edith predeceased the testator and Elizabeth survived him, then beyond question the corpus of this estate would have gone to Elizabeth and the Sanders family and the entire estate have thus been disposed of by the will. We think it equally certain that the trust is not terminated while the heirs survive. When they die the remainder will be disposed of as provided by the will, to the persons then entitled, as may be determined by the court having jurisdiction, i.e., the California court of the original probate of this will.

The judgment is accordingly affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.